UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| VAN NESS MANAGEMENT, L.L.C. | : | CIVIL ACTION NO.  16-0610 |
| VS. | : | JUDGE S. MAURICE HICKS, JR. |
| HOUSTON SPECIALTY INSURANCE CO., ET AL. | : | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

On September 11, 2018, the court permitted plaintiff's attorneys to withdraw from the above-captioned matter.  (Sept. 11, 2018, Order [doc. # 39]).  The court simultaneously ordered plaintiff to enroll new counsel within 30 days of the date of that order.  *Id*.

After more than 30 days elapsed without any response from plaintiff, the court ordered plaintiff to show cause by October 26, 2018, why its complaint should not be DISMISSED with prejudice for failure to comply with an order(s) of this court.  Fed.R.Civ.P. 41(b).  (Oct. 17, 2018, Order [doc. # 40]).  The latest deadline again has passed, without any further submission or response from the plaintiff.

**Law and Analysis**

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed.R.Civ.P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant.  *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The

power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored more than one court order. Furthermore, plaintiff's unrepentant flaunting of court orders[1] reflects its own contumaciouness or "stubborn resistance to authority"[2] which is personally attributable to plaintiff as a litigant unrepresented by counsel.

---

[1] This report and recommendation itself provides plaintiff with further notice of its non-compliance.

[2] *See Millan, supra*.

Upon consideration, the court is constrained to find that this matter is subject to dismissal for failure to prosecute/heed orders of the court. Fed.R.Civ.P. 41. Accordingly,

IT IS RECOMMENDED that the instant suit be DISMISSED, with prejudice. Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 29th day of October 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE